

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. H. Crunk
County Attorney, Delta County
Cooper, Texas

Dear Sir:

Opinion No. O-6768
Re: Effect of tax rate reduction
in common school districts
concerning equalization aid.

Your recent communication to this department reads, in part, as follows:

"At the request of the County Superintendent of this County, I respectfully ask your opinion on the following:

"We have in this county a common school district which has a 75¢ (on the $100.00 valuation) tax rate, but that school is contracting or transferring to another school, and has no school within its district. Another common school district is also contracting to and transferring to another school, and this second common school district has a 50¢ tax rate, and likewise it has no school now within its district.

"May the people in the first named district having a 75¢ tax rate, or the trustees of that district, or the County School Board, be allowed to lower their tax rate from 75¢ to 50¢ on the one hundred dollar valuation?

"This school with the 75¢ rate does not hire a teacher or conduct any school within its district; the children will be transferred by contract to an Independent District.

"In event such tax reduction may be made as above mentioned, will that reduction from 75¢ to 50¢ cancel rural aid, transportation and high school tuition?

Honorable W. H. Crunk, page 2

"The basis and cause of the above questions is by reason of Section 2 of S. B. No. 167, by Morris, Bullock, Metcalfe and Chadick of this last Legislature, said Section providing in part as follows:

"'SEC.2, TAX LEVY: No school district shall be eligible to receive any type of aid authorized under the provisions of this Act unless it shall be providing for the annual support of its schools by voting, levying and collecting for the current year a local maintenance school tax of not less than fifty cents on the One Hundred Dollars property valuation in the entire district .......... the income from such maintenance tax in excess of the required fifty cents maintenance tax must first be used to retire indebtedness, if any, in the local and Equalization (rural aid) school funds. After the indebtedness in those funds if any has been retired, the income from this maintenance tax in excess of the required 50¢ maintenance tax may be used for any lawful school purpose except increasing or supplementing any teacher's or administrative salaries ........ No school district will be eligible for aid under the provisions of this Act which has reduced its tax rate within the two (2) years immediately preceding the year for which aid is applied for hereunder or which has reduced its tax valuation in order to show budgetary need.'"

In reply to your first question, we direct attention to the following statutory provisions:

Section 4 of Article 2784, Vernon's Annotated Civil Statutes, reads:

"4. No tax shall be levied, collected, abrogated, diminished, or increased, and no bonds shall be issued hereunder, until such action has been authorized by a majority of the votes cast at an election held in the district for such purpose, at which none but property tax paying qualified voters of such district shall be entitled to vote."

Honorable W. M. Crunk, page 3

Article 2794, Vernon's Annotated Civil Statutes, reads:

"At any time after the expiration of two years after any common school district has levied a school tax on itself, twenty property taxpaying qualified voters, or a majority of such voters of the district, may have an election held, upon the proper petition to the county judge, to determine whether such tax shall be abrogated, increased or diminished. Said election shall be held and conducted as other elections in said district. If the election be to abrogate or diminish the school tax, the ballots shall have written or printed thereon the words: 'For abrogating school tax,' or 'For diminishing school tax to ------ cents;' and 'Against abrogating school tax,' or 'Against diminishing school tax to -------cents.' If the election be to determine whether the tax shall be increased, the ballots shall have written or printed thereon the words: 'For increase of school tax' and 'Against increase of school tax.'"

Article 2795, Vernon's Annotated Civil Statutes, reads, in part:

"The commissioners court, at the time of levying taxes for county purposes, shall also levy upon all taxable property within any common school district, the rate of tax so voted if a specific rate has been voted; otherwise said court shall levy such a rate within the limit so voted as has been determined by the board of trustees of said district and the county superintendent and certified to said court by the county superintendent. * * *"

In view of the foregoing statutory provisions, your first question is answered as follows:

(a) If said 75¢ tax rate was specifically levied on itself by vote of said district at least two years ago, same can only be diminished by complying with the provisions of Article 2794, Vernon's Annotated Civil Statutes.

(b) If said 75¢ tax rate was voted on itself by said district as a maximum and not a specific rate, and such rate has been

levied in accordance with the provisions of Article 2795, Vernon's Annotated Civil Statutes, no election is required to lower said rate. In such a case, the commissioners' court "shall levy such a rate within the limit so voted as has been determined by the board of trustees of said (common school) district and the county superintendent and certified to said court by the county superintendent." See Art. 2795 ante.

Regarding the second question submitted, we find that Section 2 of Article I of Senate Bill 167, 49th Legislature, Regular Session, reads, in part, as follows:

"Sec. 2. Tax Levy. No school district shall be eligible to receive any type of aid authorized under the provisions of this Act unless it shall be providing for the annual support of its schools by voting, levying, and collecting for the current school year a local maintenance school tax of not less than Fifty Cents (50¢) on the One Hundred Dollars ($100.00) of property valuation in the entire district. * * *

"No school district will be eligible for aid under the provisions of this Act which has reduced its tax rate within the two years immediately preceding the year for which aid is applied for hereunder or which has reduced its tax valuation in order to show budgetary need. * * **"

The foregoing provisions of Sec. 2 are plain and unambiguous. They must be complied with in order for any school district to be eligible for any type of aid. It could make no difference whether a school is conducted within said district or the children therein are transferred by contract to an independent district. Therefore, it is the opinion of this department that should said tax rate of 75¢ be reduced in either manner, as hereinabove set forth, said school district will be ineligible for any type of aid for the next two (scholastic) years. This opinion applies only to local maintenance tax rates.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By L. H. Flewellen
Assistant

APPROVED
OPINION
COMMITTEE